JOHN CUMMINGS & another *vs.* ABIJAH THOMPSON, Administrator.

The provision in Rev. Sts. *c.* 68, § 5, that the judge of probate, in ordering a dividend among creditors who have proved their claims before commissioners against the estate of a deceased insolvent debtor, shall leave in the hands of the administrator a sum sufficient to pay to a creditor who has a contingent claim against said estate, which could not be proved as a debt under the commission, a proportion equal to what shall be paid to the other creditors, does not apply to a surety on a promissory note of the deceased which has been proved by the holder thereof, and been allowed to him by the commissioners.

APPEAL from a decree of the judge of probate.

The appellants were sureties of Moses Cummings, on several promissory notes. Said Cummings died insolvent, leaving said notes unpaid. Abijah Thompson, the appellee, was appointed administrator of said Cummings's estate; and, upon his representation, commissioners were appointed to receive and examine all claims of creditors against the same. The holders of the aforesaid notes laid their claims thereon before said commissioners, who allowed them in full against said Cummings's estate, and made their return to the judge of probate at the expiration of the time for the proof of debts against said estate. The appellants afterwards, before any decree was

made for the distribution of said Cummings's effects among the creditors, presented a petition to the judge of probate, stating that they should be obliged, by reason of said Cummings's estate being insolvent, to pay a portion of the aforesaid notes that they were unable to prove their claims before the commissioners, because the amount which they might be obliged to pay was uncertain; and praying the judge to order a sum to be retained in the hands of said administrator, (the appellee,) " sufficient to give them an equal distributive share with all the other creditors of the said Moses Cummings, deceased, according to the statute for such case provided." The judge of probate passed a decree denying the prayer of said petition.

*Nelson,* for the appellants, relied on the following provision in the Rev. Sts. *c.* 68, § 5. "If, at the return of the commission, any person shall be liable as a surety for the deceased, or shall have any other contingent claim against his estate, which could not be proved as a debt under the commission; upon the representation and proof thereof before the judge of probate, he shall, in ordering a dividend, leave in the hands of the executor or administrator a sum sufficient to pay to such contingent creditor a proportion equal to what shall then be paid to the other creditors."

No counsel appeared for the appellee.

SHAW, C. J. These sureties insist that their case comes within the provision of Rev. Sts. *c.* 68, § 5, in regard to persons who, at the time of the return of the commission, shall be sureties for the deceased, or shall have any other contingent claim against his estate, which could not be proved as a debt under the commission.

The court are of opinion that however the case may seem to be within the words, it is not within the fair construction of that statute. Strictly speaking, these were not debts which could not be proved ; because it was competent for the sureties to pay them to the holders, make them their own, and in that way qualify themselves to prove them as debts. But then the holders could not themselves prove the same debts, and so the estate would be but once charged.

But it is manifest that the construction contended **for**

could not have been intended by the legislature, because it would work manifest injustice in a case where the whole scope and policy of the law is to provide for an equal distribution of the deceased insolvent's effects among his creditors. Where there is a principal, and one or more sureties, although each is liable for the whole amount to the creditor, yet there is but one debt, and that one debt should in equity have but its equal share of the assets, however it may change hands by payments made in whole or in part by sureties. Besides; if one surety might so claim a reserve for the debt he may be compellable to pay after the close of the commission, each of several sureties may do the same; so that if a debtor has obtained three or four sureties to his note, although the estate pays but 25 or 33 per cent. of the whole of the insolvent's debts, yet such debt will be paid in full, and that out of the debtor's assets, to the great detriment of other creditors having equal claims; and the sureties themselves be obliged to pay nothing. Further; another absurd consequence of the construction, which is asked for, would be, that the surety who has failed to per form his duty and pay his principal's debt, according to the terms of his obligation, would fare twice as well as the honest and punctual surety, who has paid the debt of his principal, according to his contract.

We cannot adopt a construction leading to such consequences, unless it is unavoidable. But we think the contingency arising from the mere insolvency of the estate, and the uncer tainty as to what amount of dividend the assets would pay, was not such a contingency as was contemplated by the statute, and that the suretyship contemplated was such a one as the surety could not convert into an absolute debt to himself, by payment to the holder before the close of the commission. The statute, we think, rather refers to a case where the holder of the debt cannot, or does not, from some cause, prove his debt under the commission, or where the surety cannot make the debt his own by payment. Under this construction, it is a wise and equitable provision; but otherwise applied, it would work great injustice.          *Decree of the judge of probate affirmed.*